CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 16 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LINDA H. MOORE, ) | |
| ) | Civil Action No. 5:05CV00082 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Linda H. Moore, was born on May 18, 1957 and eventually completed her high school education. Mrs. Moore has been employed in the textile industry. She last worked on a regular basis in 2002. On January 16, 2004, Mrs. Moore filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on February 5, 2002 due to a back injury caused by an accident at

work. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Moore met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Mrs. Moore's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 5, 2005, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that plaintiff suffers from a lower back impairment. The Law Judge characterized the objective findings in plaintiff's case as follows:

> Medically, there are diagnostic findings of degenerative annular changes L4-5 with posterior left annular tear into a disc protrusion and slight annular irregularity of L3-4 and L5-S1 disc, revealed on lumbar discography performed on March 11, 2003; and an MRI of the lumbar spine, performed on September 24, 2004, showed no herniated discs and minimal facet arthropathy. (TR 16).

Because of these conditions, the Law Judge determined that Mrs. Moore is disabled for her past relevant work activity. The Law Judge offered the following findings as to plaintiff's residual functional capacity:

> The claimant retains the residual functional capacity to lift and carry 20 pounds occasionally, 10 pounds frequently, less than 7 pounds constantly; stand and walk 4-6 hours in an 8-hour workday (34-66%); sit 4-6 hours in an 8-hour workday (34-66%); and occasionally bend, stoop, reach overhead, climb, squat, crouch, kneel, crawl, and perform repetitive arm and leg motions; with no balancing activities. (TR 20).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony of a vocational expert, the Law Judge found that Mrs. Moore retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Moore is not disabled, and that she is not entitled to a period of disability or disability insurance

Case 5:05-cv-00082-GEC   Document 19   Filed 11/16/06   Page 2 of 7   Pageid#: 125

benefits. See, gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Moore has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that Mrs. Moore injured her back while pushing a heavy object at work. Despite active treatment, Mrs. Moore's progressively worsening symptomatology was not relieved. Dr. Bart Balint, a pain specialist who has seen Mrs. Moore on multiple occasions, has produced reports indicating that plaintiff is totally disabled for all forms of work. However, two different orthopaedic specialists have been unable to confirm the existence of disabling physical impairments. One specialist recommended that Mrs. Moore return to light work duty. Furthermore, a physical therapist, who saw plaintiff in conjunction with Dr. Balint, also concluded that Mrs. Moore is capable of performing light work activities. Given the findings of the two orthopaedic specialists, as well as those of the therapist who saw plaintiff on referral from Dr. Balint, the court must conclude that there is

3

substantial evidence to support the Law Judge's determination that Mrs. Moore retains sufficient functional capacity to perform light and sedentary work activities. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, Mrs. Moore offers several distinct arguments in opposition to the Commissioner's motion for summary judgment. Plaintiff contends that the Administrative Law Judge did not include all of her physical limitations in the hypothetical question posed to the vocational expert. See Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989) (all the claimant's impairments must be included in a hypothetical question put to a vocational expert). In this respect, plaintiff cites the residual functional capacity assessment performed by physical therapist William F. Whiteford at the behest of Dr. Balint. Specifically, Mrs. Moore argues that the Law Judge did not include the limitations in her hand function that were observed by the therapist. However, the court does not read the report to indicate that plaintiff experiences marked limitations in hand function. Moreover, the court again notes that the physical therapist specifically found that Mrs. Moore is capable of performing within the definition of light work. (TR 231).

Mrs. Moore also maintains that the Administrative Law Judge improperly substituted his own opinion for that of the treating physician by rejecting the findings and assessments of Dr. Balint, the pain management specialist. While it is clear that Dr. Balint considers Mrs. Moore to be totally disabled, the court believes that the Administrative Law Judge might reasonably rely upon the reports and objective findings of the orthopaedic specialists over those of Dr. Balint. In a report dated March 7, 2001, Dr. Lee Hereford, an orthopaedic surgeon, specifically determined that Mrs. Moore could return to work in a light duty position. (TR 123). On September 19, 2004, Dr. James R. Schwartz, another orthopaedic specialist, reviewed the objective medical findings and concluded

4

that plaintiff's examination was unremarkable and that her complaints are in excess of the physical findings. (TR 235). The court again notes that the physical therapist, who saw Mrs. Moore in conjunction with Dr. Balint, specifically concluded that plaintiff retains sufficient functional capacity for light work activities. The court is constrained to conclude that these reports constitute substantial evidence which reasonably supports the Law Judge's decision not to fully credit the opinions of Dr. Balint.

Finally, plaintiff argues that the Administrative Law Judge failed to properly develop the administrative record. Specifically, plaintiff asserts that the Law Judge failed to procure a number of new medical reports which were developed in conjunction with treatment that was described in other reports which do appear in the administrative record. Having reviewed these more recent reports, the court is unable to conclude that they are overly probative, or that consideration of such additional evidence would have necessarily resulted in any different disposition in the case. Furthermore, the court notes that the claimant carries the burden of proof in establishing disability, and in bringing to the Commissioner's attention all evidence that would tend to confirm the existence of disabling impairments. See 20 C.F.R. § 404.1512. In any event, if Mrs. Moore believes that the additional medical evidence would further support her claim for a period of disability and disability insurance benefits, she is clearly entitled to file a new application and submit all the additional evidence which may have been developed in her case. As for the matter under review, the court is unable to conclude that the Administrative Law Judge failed to discharge his responsibility to develop the record.

In summary, while the court agrees that the medical evidence is in conflict, the court is constrained to conclude that there is evidence which reasonably supports the Law Judge's

Case 5:05-cv-00082-GEC   Document 19   Filed 11/16/06   Page 5 of 7   Pageid#: 128

determination that Mrs. Moore is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. The reports of the orthopaedic specialists and the physical therapist support the Law Judge's disposition. As noted by the specialists, the objective findings in this case are not overly remarkable. Although Mrs. Moore is significantly impaired, the court believes that the record supports the proposition that she remains capable of light and sedentary forms of work. It follows that the Commissioner's final decision must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Moore is free of all pain, discomfort, weakness, and fatigue. Indeed, it is clear that plaintiff suffers from significant back problems which can be expected to render her disabled for many forms of work activity. However, it must again be noted that several specialists have produced objective findings which are considered to be inconsistent with plaintiff's complaints of severe and unrelenting pain. The physical therapist also found that plaintiff could be expected to engage in light work activity. While the court certainly agrees that Mrs. Moore experiences substantial pain, especially in the performance of rigorous exertion, it must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the

6

Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 16th day of November, 2006.

/s/ Glen E. Conrad
United States District Judge